UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

Nancy J. Hourigan,                                                    Case No.

    Plaintiff,

vs.

International Association of Iron Workers;
Pension Benefit Guaranty Corporation;
New York Life Retirement Plan Services;
Iron Workers District Council of New England Pension and Annuity Fund;

    Defendants.

FILED IN CLERKS OFFICE
2021 JAN 27 PM 12: 01
U.S. DISTRICT COURT
DISTRICT OF MASS.

VERIFIED COMPLAINT WITH JURY TRIAL DEMAND

I. INTRODUCTION

This is a civil action by the Plaintiff, Nancy J. Hourigan, pro se, seeking past due and future pension benefits due to her pursuant to the Qualified Domestic Relations Order under the Retirement Act of 1984, Exhibit E, contained in the Judgment of Divorce, filed on August 06, 1999 in Plymouth County, Commonwealth of Massachusetts, Justice Anna H. Doherty, Docket No. 98D1133-DV1.

II. JURISDICTION

1. The Court has diversity jurisdiction under 28 U.S.C. 1332(a) due to the fact that the Plaintiff and Defendants, International Association of Iron Workers, Pension Benefit Guaranty Corporation are citizens of different states and the matter in controversy is greater than $75,000 for the individual plaintiff.

1.

## III. PARTIES

2. The Plaintiff, Nancy J. Hourigan, ("Nancy"), the widow of James P. Hourigan, the deceased, 7 Blueberry Drive, Unit 1, Lakeville, MA, 02347.

3. The Defendants, the International Association of Iron Workers, ("IAIW"), Eric Dean-General President, Ron Piska-General Secretary, Kenneth "Bill" Dean-General Treasurer, et al, 1750 New York Avenue, N.W., Washington DC, 20006.

4. Iron Workers District Council of New England, Pension and Annuity Fund, Veronica Dyer-Fund Administrator, Patricia Powers-Annuity Pension Coordinator, Heather Romeri-Fund Bookkeeper, Charles Wright-Compliance Officer, et al, 161 Granite Avenue, Suite 2, Dorchester, MA 02124.

5. Iron Workers District Council of New England, Local 7, Shawn Nehiley-Business Manager, 195 Old Colony Avenue, P.O. Box 7, South Boston, MA 02127, Bernard Evers-District Council President, et al, 191 Old Colony Avenue, South Boston, MA 02124.

6. Pension Benefit Guaranty Corporation, 1200 K Street, N.W., Washington, D.C. 20005.

7. New York Life Retirement Plan Services, 690 Canton Street, Westwood, MA 02090.

8. Thomas E. Broderick, Annuity and Pension Fund Administrator, (retired), Iron Workers District Council of New England, Local 7, 161 Granite Avenue, Suite 2, Dorchester, MA 02124.

## IV. FACTS

9. On August 6, 1999, Justice Anna H. Doherty signed the Judgment of Divorce, of Nancy J. Hourigan, Plaintiff, and husband of 30+ years, James P. Hourigan, Defendant, (life long iron worker and pension fund contributor), Docket No. 98D1133-DV1, See Exhibit A.

10. As part of the Order, Plaintiff's counsel, John E. Garland was directed by the Court to draft a Qualified Domestic Relations Order (QDRO), under the Retirement Equity Act of 1984, See Exhibit E.

11. The "QDRO", drafted and filed with the Court, by Attorney John E. Garland, was adopted by the Court and made part of the divorce decree, Exhibit F.

12. The QDRO, clearly and unambiguously directed the Iron Workers District Council of New England Pension Fund to pay directly to Nancy J. Hourigan a 50% share of James Hourigan's gross monthly pension from the Iron Workers District Council of New England Pension fund. *Such payments were to commence on or after the earliest date that James Hourigan could elect to receive retirement benefits and will be payable for the lifetime of Nancy Hourigan.*

13. Furthermore, Iron Workers Pension Fund Administrator Thomas E. Broderick, of the Iron Workers District Council of New England Pension and Welfare facilitated the Agreement by which Husband, James P. Hourigan elected the "100% Husband and Wife Option", (referenced in Exhibit C), which entitles Nancy J. Hourigan to Pension benefits of $1639. per month for her lifetime upon the death of James P. Hourigan.

14. Nancy Hourigan applied for pension benefits effective January, 2001, and received her first payment on February 01, 2001 at a reduced rate of 56% due to her age at that time being 50 years and 7 months.                3.

15. James Hourigan died on August 23, 2017.

16. According to the QDRO, Exhibit B, Nancy should have been receiving 50% benefits from the time that Jimmy Hourigan retired in 2007 and the full pension amount of $1639. beginning on August 23, 2017, the date of James Hourigan's death death.

17. The Defendant's have wrongfully, negligently and in bad faith, failed to pay directly to Nancy J. Hourigan the benefits which are due to her from the pension fund as detailed in the QDRO, in direct violation of the Retirement Equity Act of 1984, as amended, and even today, continue to deprive "Nancy", of the retirement benefit funds that are lawfully due to her pursuant to the Order of Judge Anna H. Doherty.

18. The Qualified Domestic Relation Order entered pursuant to M.G.L. c. 208 s. 34 specifically states that the plan to which the Order applies is the Iron Workers District Council of New England Pension Fund, see Exhibit B.

Breach of Contract

19. Item 7 of the QDRO specifically and unambiguously states that: the terms and conditions of this Agreement, not relating to the minor children, shall thereafter retain independent legal signifigance as a contract between the parties that is forever binding upon the Husband, James Hourigan, Wife, Nancy J. Hourigan, <u>and</u> their respective heirs, executors, **administrators**, assigns and other legal representatives.

20. The Iron Workers District Council of New England Annuity and Pension Fund

4.

as **Administrators** have violated the terms of the contract as referenced in the QDRO, signed by Judge Doherty, see Exhibit A and B.

Breach of Fiduciary Duty

21. On July 8, 1999, Judge Anna H. Doherty Ordered Plaintiff's, counsel to draft a Qualified Domestic Relations Order (QDRO) which clearly and unambiguously states that the Wife, "Nancy" is to receive a 50% share of James Hourigan's gross monthly pension managed by the Iron Workers District Council of New England Pension Fund.

22. The Iron Workers District Council of New England was directed to pay Nancy Hourigan's share directly to "Nancy" and such payments were to commence on or after the earliest date that James Hourigan could elect to receive retirement benefits and would be payable for the lifetime of Nancy Hourigan.

23. Despite the Order issued by Judge Doherty, Nancy Hourigan was not notified by the Iron Workers District Council nor did she ever receive the 50% that she was in fact eligible to begin receiving directly from James P,. Hourigans pension when he retired in April, 2007, nor has she received the $1639. payment from the pension fund after his death on August 23, 2017.

24. In fact when Nancy Hourigan contacted the Local 7 Iron Workers Union Council upon the death of James P. Hourigan, to inquire about the monthly $1639. pension payments, she was treated very badly and hung up on by an unknown woman, who prior to hanging up screamed, "THERE IS NO MONEY!"

## V.  CLAIMS FOR RELIEF

25. The actions of the Defendant's, the International Association of Iron Workers, Iron Workers District Council of New England, Iron Workers District Council of New England Pension and Annuity Fund, The Pension Benefit Guaranty Corporation, New York Life Retirement Plan Services, and Thomas E. Broderick, et al, in denying and continuing to deny the benefits, due to the Plaintiff, Nancy J. Hourigan from the pension fund as paid into by James P. Hourigan, ironworker, for more than 40 years, and managed by the Iron Workers District Council of New England is a clear breach of contract, breach of fiduciary duty and may even be fraudulent in nature.

26. It is evident that the Iron Workers District Council of New England in collusion with the International Association of Iron Workers, The Pension Benefit Guaranty Corporation, New York Life Retirement Plan Services, and previous Iron Workers Pension Fund Manager, Thomas E. Broderick, et al have conspired and colluded to withhold 56% of the pension benefits that were due and payable directly to Nancy J. Hourigan upon the retirement of James P. Hourigan in 2007 and to continue to withhold the $1639. monthly pension benefit currently due upon the death of James P. Hourigan, August 23, 2017, and as Ordered by Judge Doherty, Exhibit A and detailed in the QDRO, Exhibit B.

VI.  RELIEF REQUESTED

WHEREFORE,  Plaintiff requests that the Court grant the following relief;

A. Award compensatory damages to the Plaintiff as follows, (as of January, 2021, back-pay 50% pension benefit, 7 years, 7 months = $88,406.50 and full pension benefit due upon the death of James P. Hourigan, 3 years and 4 months= 65,650., total amount due as of January, 2021, $154,056. plus interest and costs as determined by the Court, against the International Association of Iron Workers, the Iron Workers District Council of New England Pension Fund, The Pension Benefit Guaranty Corporation, New York Life Retirement Plan Services,  and Thomas E. Broderick.

B. Award punitive damages in the amount of $154,056.  against the International Association of Iron Workers, the Iron Workers District Council of New England Pension Fund, New York Life Retirement Plan Services, and Thomas E. Broderick.

C. Order the continued payment of $1639. per month, adjusted to reflect the actual current value in 2021, said payment to continue until Nancy J. Hourigan's death as stated in Exhibit C.

D. Grant such other Relief as it may appear that Plaintiff is entitled.

January 29, 2021

Respectfully submitted,

*Nancy J. Hourigan*

Nancy J. Hourigan, Pro Se
7 Blueberry Drive, Unit 1
Lakeville, MA 02347
groy1875@gmail.com

7.